IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAMIAN ARENAS, CECILIA DIAZ PASCUEL GONZALEZ, HEIDILBERTO LINARES, JOSE MANUEL CRUZ LINARES, MARGARITA LINARES, MARIA LINARES, REYNA LINARES, TEODORA LINARES, and RODOLFO MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>TRUSELF ENDEAVOR CORP. d/b/a GARRET/JUAREZ CLEANING SERVICE, and GREG GARRETT, Individually,<br><br>Defendants. | No. 12 C 5754<br><br>Judge John J. Tharp, Jr. |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, employees of defendant Truself Endeavor Corporation ("Truself"), bring claims under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), alleging that Truself failed to pay minimum and overtime wages as mandated by state and federal law. In addition, Plaintiff Teodora Linares also brings a claim under the Equal Pay Act, alleging that Truself paid her less than her male counterparts for equal work. The defendants move for summary judgment under Rule 56, arguing that the facts establish that they are not subject to the requirements of the FLSA. For the reasons stated below, the Court denies the defendants' motion for summary judgment, finding that the plaintiffs are employed in domestic service in one or more

1

households for more than eight hours in a workweek, and therefore that the FLSA applies.

## FACTS

The plaintiffs are current employees of Truself, tasked with performing cleaning and janitorial work for residential and commercial customers of Truself.[1] Pls.' Statement of Undisputed Facts (Dkt. 16) ¶ 1. As part of their employment with Truself, the plaintiffs were occasionally, but regularly, sent to private residences to perform household cleaning. *Id.* ¶ 2. At these private homes, the plaintiffs were to sweep and mop floors, vacuum carpets, dust furniture, wash windows, take out the trash, and clean bathrooms. *Id.* ¶ 3. The plaintiffs worked at least eight hours per week cleaning the homes of private individuals on behalf of Truself. *Id.* ¶ 4. There is no indication that any of the private residences the plaintiffs cleaned, however, were the residence of Truself executives.

Besides cleaning private homes, the plaintiffs also cleaned several bars and other businesses. *Id.* ¶¶ 8, 14. At these businesses, the plaintiffs were tasked with, among other things, sweeping, mopping, and waxing floors; taking out the trash; and cleaning

---

[1] The facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1. In addition to the material facts submitted with the moving party's brief, Local Rule 56.1(b)(3)(C) permits additional material facts to be provided by the responding party, and Local Rule 56.1(a) then allows the moving party to submit a concise reply to those additional facts. Here, the plaintiffs submitted a statement of additional material facts (Dkt. 16), but the defendants failed to respond to those facts. Therefore, the facts included in the plaintiffs' statement of additional undisputed facts are deemed admitted. *See* L.R. 56.1(a) ("All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party."). And the defendants Truself moved for summary judgment, the Court construes all facts and reasonable inferences in the light most favorable to the plaintiffs. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

bathrooms. *Id.* ¶¶ 9, 15. In addition, at one business defendant Arenas occasionally replaced light bulbs, and each of the defendants replaced urinal deodorizers at various bars on a daily basis. *Id.* ¶¶ 10, 17. The light bulbs and urinal deodorizers were produced or manufactured outside the state of Illinois. *Id.* ¶¶ 12, 18. The urinal deodorizers were purchased by Truself, which then billed each of its customers for these products. *Id.* ¶ 16. And though Truself usually purchased the other products necessary for the plaintiffs' work, on at least two occasions in the three years prior to the complaint being filed, plaintiff Arenas purchased Easy Off Oven Cleaner from a store and was reimbursed by Truself. *Id.* ¶ 20. The plaintiffs were required to transport and deliver the cleaning supplies, including the urinal deodorizers, to Truself's clients. *Id.* ¶ 22.

Between 2009, and the date on which this lawsuit was filed (July 23, 2012), Truself paid the plaintiffs an hourly rate between $5.50 and $6.50, without regard to the location or type of work they performed or whether they had worked more than 40 hours per week. *Id.* ¶ 23-24. Truself has never paid the plaintiffs overtime—meaning, it has not at any time paid the plaintiffs one and a half times their usual rate of pay for hours worked beyond 40 per week. *Id.* ¶ 24.

## DISCUSSION

The FLSA contains provisions requiring certain employers to pay certain employees a minimum wage, and to compensate them at one and one-half times their regularly hourly rate for any hours worked beyond forty hours per week:

> **Minimum Wage**
> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: [the minimum wage].
> 29 U.S.C. § 206(a)

> **Overtime Compensation**
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1).

Further, an employee engaged in "domestic service" is entitled to both the minimum wage and overtime compensation:

> **Minimum Wage**
> Any employee who in any workweek is employed in domestic service in one or more households, and is so employed for more than 8 hours in the aggregate, shall be paid wages for such employment in such workweek at a rate not less than the [minimum wage]. 29 U.S.C. § 206(f)(2).

> **Overtime Compensation**
> No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section. 29 U.S.C. § 207(l).

Essentially, an employee has FLSA rights to a minimum wage and overtime compensation if he is either: (1) employed in domestic service in one or more households; (2) engaged in commerce or in the production of goods for commerce;[2] or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

Truself argues that it is not an "enterprise engaged in commerce," as defined by the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii), because its annual revenues are below $500,000. The plaintiffs effectively concede this point, admitting that Truself's annual revenues are

---

[2] The plaintiffs do not allege that either they are, or Truself is, engaged in the production of goods for commerce.

below $500,000. Pls.' Response to Defs.' Statement of Undisputed Facts (Dkt. 17) ¶¶ 3-5. Therefore, the plaintiffs are entitled to a minimum wage and overtime compensation only if they were "engaged in commerce" or employed in "domestic service."

**I. The Plaintiffs Were Not Engaged in Commerce.**

The plaintiffs argue that they were engaged in interstate commerce because Truself purchased cleaning supplies and deodorizers that were manufactured outside of the state of Illinois and then required the plaintiffs to deliver those items to Truself's customers. According to the plaintiffs, Truself charged its customers separately for these supplies in at least some instances. The plaintiffs maintain that their delivery of products manufactured in other states constitutes "commerce" within the meaning of the FLSA.

The test for engaging in commerce under the FLSA is low, but it is not that low. Regardless of where the products they delivered were manufactured, the plaintiffs admit that "all of the cleaning supplies" they used were purchased by Truself within Illinois. Pls.' Response to Defs.' Statement of Undisputed Facts (Dkt. 17) ¶ 8. This puts the plaintiffs squarely on the wrong side of *McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943), which explained that "handlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not." *See also Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 525 (D. Md. 2006) (the "handling [of] goods which were moved in interstate commerce" is insufficient to show that an employee was engaged in interstate commerce for purposes of the FLSA).

Here, drawing all reasonable inferences in the plaintiffs' favor, some Illinois merchant(s) obtained the cleaning supplies and deodorizers from out of state. Truself then

5

purchased them, from that merchant, in Illinois. Truself then required the plaintiffs to handle the goods and to distribute them locally. The plaintiffs' involvement with the goods was purely local and, as *McLeod* provides, did not require them to engage in interstate commerce. Accordingly, the defendant's argument that the plaintiffs' delivery of cleaning supplies does not bring them within the FLSA minimum wage and overtime provisions is correct.

## II. The Plaintiffs were Employees in "Domestic Service."

The parties also dispute whether the plaintiffs were "employed in domestic service in one or more households" pursuant to 29 U.S.C. §§ 206(f) and 207(l). Truself points to 29 C.F.R. § 552.3 to argue that the plaintiffs are not domestic services employees because they are employed by Truself rather than being employed directly by the households in which they work.

> As used in section 13(a)(15) of the Act,[3] the term *domestic service employment* refers to services of a household nature performed by an employee in or about a private home (permanent or temporary) of the person by whom he or she is employed. . . .

29 C.F.R. § 552.3. Based on this regulatory definition of "domestic service employment," Truself argues that individuals employed by a third-party service, such as the plaintiffs,

---

[3] Section 13(a)(15) of the FLSA excludes from coverage those workers who provide casual babysitting and companionship services:

> The provisions of section 206 . . . and section 207 of this title shall not apply with respect to—
>
> (15) any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves;

29 U.S.C. § 213(a)(15).

6

are not domestic service employees because they are not employed in the "private home . . . *of the person by whom [they are] employed*." *Id.* (emphasis added).

The plaintiffs, however, rely on statutory language and the Department of Labor's interpretation of the regulatory definition to argue that they are domestic service employees even though their employer is Truself, rather than the families whose private homes they cleaned. Pls.' Resp. Br. (Dkt. 15) at 4-6; 29 U.S.C. §§ 206(f), 207(l); DOL Memo at 6. Surprisingly, it appears to be a question of first impression whether employees of a third-party service who perform household services in private homes are covered by the FLSA pursuant to 29 U.S.C. §§ 206(f) and 207(l).[4] Upon considering the text of the FLSA (as well as its legislative history), regulatory language, the DOL Memo, and case law bearing on the definition of domestic services employment in other contexts, the Court answers the question in the affirmative. The plaintiffs, though employees of a third-party employer, are domestic services employees under the terms of the FLSA, and therefore are subject to the FLSA's protections.

By its terms, the definition of "domestic service employment" in § 552.3 applies only to the term as it is used in the babysitting and companionship exemption. Defendant points out, however, that the Department of Labor has stated that it "intended the provision to supply a general definition of the term as used throughout the Act." DOL

---

[4] Many cases discuss whether employees who babysit on a casual basis or who provide companionship services, but who are employed by third-parties, are considered domestic service employees for the purposes of the companionship services *exception* to FLSA coverage, 29 U.S.C. § 213(a)(15). *See, e.g., Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 169-72 (2007). But that issue is different than the question in this case— namely, whether employees of third-party employers who provide household cleaning services are provided FLSA protections through the domestic services *extension* of FLSA coverage. 29 U.S.C. §§ 206(f) and 207(l).

Memo at 8 n. 1. In *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007), a case that considered the companionship services exception to the FLSA, the Supreme Court discussed whether domestic services employees—in that case, those providing companionship services—employed by third parties are covered by the FLSA. The Court noted that the regulatory definition of "domestic services employment" in 29 C.F.R. § 552.3 states that the definition only applies to the companionship services exception, but acknowledged that "the rule appears in other ways to have been meant to supply a definition . . . for the FLSA as a whole." *Id.* at 169. Nevertheless, the Court declined to adopt such an interpretation, noting that if that literal definition of domestic services employment applied to the FLSA as a whole, "that would place outside the scope of FLSA's wage and hour rules any butlers, chauffeurs, and so forth who are employed by *any* third party," a result that "seems clearly contrary to Congress' intent." *Id.* (emphasis in original). Such an interpretation, the Court observed, would eliminate coverage for "all domestic service employees previously covered by the 'enterprise coverage' provisions of the Act" in direct contravention of Congress' intent to *extend* coverage to domestic services employees. *Id.*

The DOL Memo makes this same point (though one would not know it from reading defendant's brief). Notwithstanding its view that the § 552.3 definition is not confined to the babysitting and companionship exemption, the DOL memo interprets the term "domestic services employees" to include domestic services workers employed by third parties, stating that to exclude workers employed by third parties would be "contrary to Congress' express intent, and cannot be correct." DOL Memo at 6.

The Department of Labor interprets § 552.3 as only "describing the kinds of work that constitute domestic service employment and establishing that such work must be performed in a private home, rather than in a place of business." *Id.* at 4. That interpretation is reasonable, and the Supreme Court endorsed it in *Coke*. *See* 551 U.S. at 170 ("the primary (if not sole) purpose of . . . § 552.3 is to describe the *kind of work* that must be performed by someone to qualify as a 'domestic service' employee") (emphasis in original). What is more, the Department of Labor clearly knew how to specifically exclude employees of third parties, as demonstrated by the regulation at issue in *Coke* removing from FLSA coverage employees providing companionship services "who are employed by an employer or agency other than the family or household using their services." 29 C.F.R. § 552.109. That the Department of Labor chose not create an exemption for employees of third party employers for *all* domestic services employees is evidence that it did not intend to exclude from coverage all those who work for third parties. Therefore, based on the Department of Labor's interpretation, as endorsed by the Supreme Court, § 552.3 provides no basis to exclude the plaintiffs from the minimum wage and overtime compensation provisions of the FLSA that apply to domestic service employment.

More importantly, reading the regulatory definition in this manner better comports with the language of the statute itself, which does not suggest any requirement that an employee must work in the residence of his employer to be considered a domestic services employee. 29 U.S.C. § 206(f)(2). To the contrary, as the plaintiffs argue, the statute states that *any employee* working at least 8 hours per week in domestic services employment is covered by the FLSA. *Id.* Further, the statute expressly contemplates that

a domestic services employee might perform domestic services in more than one household, a possibility that is far more likely to apply to domestic services workers employed by a third party (*e.g.,* a cleaning service) than to those employed by private parties. *Id.*

In the final analysis, Truself's exegisis of the relevant statutory and regulatory provisions yields a result that can only be described as backward. Truself claims that Congress and the Department of Labor intended to regulate the employer-employee relationship only "in a household, private employment setting," but that they did not intend to regulate third party employers. Reply Br. (Dkt. 18) at 7. That interpretation goes against the entire tenor of the FLSA, which generally provides protections to employees of large employers while exempting employees working for smaller employers. *See, e.g.*, 29 U.S.C. § 203(s)(1)(A)(ii). Why, then, would domestic services employees be protected if they work for private families, but remain unprotected if they work for larger third-party employers? The defendant offers no rationale for such an approach and it would turn the premise of the 1974 amendments to the FLSA upside down to read the regulatory definition of "domestic service employment" as the defendant does. The Court sees no justification for Truself's argument, which would place FLSA regulatory burdens on individuals personally employing workers within their homes, while at the same time exempting companies who employ large numbers of workers providing the very same services.

Accordingly, the Court concludes that 29 C.F.R. § 552.3 should not be construed to limit the definition of "domestic services employees" to only those employees who

work in the homes of their employers. The Court therefore denies the defendants' motion for summary judgment on that basis.

* * *

The plaintiffs were not "engaged in commerce," nor were they "employed in an enterprise engaged in commerce." But the Court finds, drawing all reasonable inferences in their favor, that they were "employed in domestic service in one or more households," and therefore they are entitled to FLSA protection. For all of these reasons, the Court denies the defendants' motion for summary judgment.

Date: January 23, 2013

John J. Tharp, Jr.
United States District Judge